AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of South Carolina

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>INFORMATION STORED AT PREMISES<br>CONTROLLED BY ALARM.COM | )<br>)<br>)<br>)<br>)<br>) |

Case No. 7: 24 cr 54

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, Part I.  This court has authority to issue this warrant under 18 U.S.C. §§ 2703 and 2711(3)(A).

located in the _____ Eastern _____ District of _____ Virginia _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment A, Part II.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC § 1201(a)(1); 18 USC<br>§§ 1519 and 1512(b)(3). | Kidnapping, Obstruction of Justice, Witness Tampering |

The application is based on these facts:

See Affidavit which is attached hereto and incorporated herein by reference.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Heather Cox-McClain*
*Applicant's signature*

Sr. Special Agent Heather Cox-McClain, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ cellular telephone _____ *(specify reliable electronic means).*

Date  December 4, 2003

*Jacquelyn D Austin*
*Judge's signature*

City and state:  Greenville, South Carolina

Jacquelyn D. Austin, U.S. Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF INFORMATION STORED AT ALARM.COM PURSUANT TO 18 U.S.C. § 2703 FOR THE FOLLOWING ACCOUNT:<br><br>ACCOUNT HOLDER: Da Ron Collins<br><br>PHYSICAL ADDRESS:<br>5022 Pratt Drive<br>Boiling Springs, SC 29316<br><br>EMAIL: queens75ny@yahoo.com<br><br>FOR THE PERIOD: MAY 13, 2023 AT 12:01 A.M. EST THROUGH MAY 20, 2023 AT 11:59 P.M. EST | Case No. _____ |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Special Agent Heather Cox-McClain, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1.    I am a Senior Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed since August 2002. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of section 2510 (7) of Title 18 United States Code, and section 878 of Title 21 United States Code, and am empowered by law to conduct investigations and to make arrest for offenses enumerated in Section 2516 of Title 18, and Title 21 of the United States Code. I am currently assigned to the Charlotte Field Division, in the Greenville, South Carolina Field Office.  I am a graduate of the Criminal

1

Investigator Training Program at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia, as well as the ATF Special Agent National Academy. I hold a master's degree in criminal justice from the University of South Carolina and bachelor's degree in history from Converse College. I have participated in the investigations of alleged violations of the criminal laws of the United States including violent crimes, drug distribution and firearms and firearms-related offenses. I also have received training and have experience in the proper identification, preservation, and collection of digital devices and storage media and the analysis of electronic data as an investigatory tool.

2.      This application seeks a search warrant for records held by Alarm.com, a technology company headquartered in Tysons, Virginia that provides cloud-based services for remote control, home automation and alarm monitoring services through remote access known as the alarm.com app. Monitoring services can include contracts through third-party contractors such as ADT. Services include interactive security, video monitoring, energy management and home automation. With the app, a customer has access to home security cameras to view property remotely as well as access to recorded video, doorbell, lights, thermostat, locs, garage doors, and more. Alarm.com allows users of its service to create accounts, associated with email addresses, to control access to a user's account for storing and viewing recorded video. The Alarm.com application is available on various internet-enabled smartphones. Alarm.com therefore satisfies the definition of a "remote computing service" under 18 U.S.C. § 2711(2) because it provides to the public computer storage or processing services by means of an electronic communications system. Thus, Alarm.com is bound by the terms of the Stored Communications Act, 18 U.S.C. § 2701 et seq., which controls the access of records, content, and other information from electronic communication service providers and remote computing service providers by governmental

2

entities. This affidavit is made in support of an application for a search warrant under 18 U.S.C. §§ 2703(a), (b)(1)(A) & (c)(1)(A) to require Alarm.com to search the account associated with the following identifiers:

Account Name: Da Ron Collins

Physical Address: 5022 Pratt Drive, Boiling Springs, SC 29316

Email Address: queens75ny@yahoo.com

(the "Subject Account") as described in Attachment A, Part I, and disclose to the government the information and evidence described in Attachment A, Part II.

3.    The facts in this affidavit come from my training and experience, my personal observations, analysis of evidence gathered during this investigation, information obtained from witnesses and local, state and federal investigators. This affidavit is intended to merely show sufficient probable cause for the requested search warrant and is not an exhaustive compilation of the facts nor does it set forth all of my knowledge about this matter.

## JURISDICTION

4.    This Court has jurisdiction to issue the requested warrant because it is "a court of competent jurisdiction" as defined by 18 U.S.C. § 2711. 18 U.S.C. §§ 2703(a), (b)(l)(A), & (c)(l)(A). Specifically, this Court is "a district court of the United States (including a magistrate judge of such a court) ... that has jurisdiction over the offense being investigated." 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

5.    On November 14, 2023, a federal grand jury returned a two-count indictment that charges Da Ron Collins with obstructing a possible violation of 18 U.S.C. § 1201(a), kidnapping, in violation of 18 U.S.C. § 1519, and witness tampering, in violation of 18 U.S.C. § 1512(b)(3).

3

The United States continues to investigate whether a violation of § 1201(a), kidnapping, was committed. The facts presented in this affidavit establish probable cause to believe a search of the Subject Account will lead to the seizure of evidence related to the investigation of violations of 18 U.S.C. §§ 1201(a), 1519 and 1512(b)(3) (the "Target Offenses"), and the identification of individuals engaged in the commission of these offenses.

6.    On May 15, 2023, from approximately 4:09 p.m. to 4:31 p.m., CLY spoke with a family member as she drove home from work at Spartanburg Regional Hospital. CLY's 2009 white Infinity G-37 was captured by surveillance cameras as she drove towards 5022 Pratt Drive in Boiling Springs, where she lived with Collins since October 2022. CLY and her vehicle were captured by surveillance cameras at about 4:20 p.m. as she drove up to and completed a purchase transaction at an Ace Hardware store on Valley Falls Road in Boiling Springs, South Carolina. According to phone records, at approximately 4:32 p.m., CLY attempted a call to her son's teacher and at 4:39 p.m., CLY again initiated use of her phone to contact the family member. At approximately 4:50 p.m., a neighborhood doorbell camera captured CLY's car as she parked it on the street in front of her Pratt Drive residence. There has been no known contact with or public sighting of CLY since she arrived at the residence.[1] CLY was scheduled to and expected to work the following day, May 16, 2023. Her failure to show for work triggered a request by her family

---

[1] According to phone records, there has been no user-initiated activity on CLY's phone since she arrived home on May 15, 2023.

4

or a welfare check followed by the filing a missing person report with the Spartanburg County Sheriff's Office ("SCSO").[2]

7.    On May 16, 2023, Collins provided a description of CLY's vehicle to deputies who were following up on the missing person report. On May 17, 2023, during a meeting with SCSO investigators, Collins stated that when CLY got home at around 5:00 p.m. on May 15, 2023, the two argued, CLY took a shower and left the residence at approximately 6:00 p.m., driving her vehicle. While denying any knowledge of CLY's whereabouts, Collins suggested that investigators "track the vehicle [CLY's 2009 white Infinity]."

8.    The SCSO put out a BOLO ("be on [the] lookout") to other law enforcement agencies for CLY and her car, which included photographs and descriptions of CLY and her 2009 white Infinity bearing SC Tag LCK 688. Investigators entered the same identifying information in the NCIC ("National Crime Information Center") database, in law enforcement license plate recognition platforms, and disseminated the missing person bulletin to media outlets.

9.    On May 18, 2023, an anonymous tip led investigators to CLY's vehicle in the parking lot of an apartment complex at 1000 Pinegate Drive, Spartanburg, South Carolina. Surveillance footage from the complex and the surrounding area, shows that on May 15, 2023, an individual identified as Collins (1) drove the vehicle from the direction of his residence to the complex parking lot; (2) backed the vehicle into an end-of-the-row parking space behind a cluster of shrubs, obstructing the view of the license plate; (3) wiped down surfaces inside the vehicle; (4)

---

[2] On May 13, 2023, law enforcement responded to the residence in response to a 911 call during which the caller reported that Collins was strangling CLY. Upon their arrival, CLY confirmed to the responding officers that CLY assaulted her by strangulation and other violence.

exited the vehicle wearing gloves; (5) returned to his Pratt Drive residence on foot. CLY has no known connection to the apartment complex.

10.     On November 14, 2023, a federal grand jury returned a two-count indictment that charges Da Ron Collins with obstructing a possible violation of 18 U.S.C. § 1201(a), kidnapping, in violation of 18 U.S.C. § 1519, and witness tampering, in violation of 18 U.S.C. § 1512(b)(3). The government continues to investigate whether CLY was kidnapped, in violation of § 1201(a). Collins' residence was outfitted with security cameras provided by ADT and serviced by Alarm.com, however, no video footage from the residence for the days and times most relevant to the investigation has been recovered. Records of account access and activity for the period covering May 13-20, 2023 is relevant to determining whether and when the video footage for that time period was recorded and deleted. Collins provided conflicting explanations as to the reason why relevant previously stored video footage is no longer available to investigators. ADT has provided records and footage in their possession.

11.     It is believed that Alarm.com stores copies of videos on servers under its control. Additionally, access logs may verify whether anyone accessed the account to delete any account data. Other information may verify ownership and/or account usage.

12.     On December 2, 2023, a preservation request was sent to Alarm.com for videos recorded and stored by Alarm.com associated with account holder: Da Ron Collins 5022 Pratt Drive, Boiling Springs, SC 29316; Email: queens75ny@yahoo.com; Phone: (845) 536-2515.

13.     Based on the forgoing, I request that the Court issue the proposed search warrant. Because the warrant will be served on Alarm.com who will then compile the requested records at a time convenient to it, there exists reasonable cause to permit the execution of the requested warrant at any time in the day or night. I am aware that service providers usually have staff on

6

duty at nighttime (or 24/7) to process backlog work and be available for exigent law enforcement requests. I request night service be authorized so that the search warrant may be served and executed at night via fax, service provider portal access, or e-mail. Pursuant to 18 U.S.C. § 2703(g), the presence of a law enforcement officer is not required for service or execution of search warrants seeking the disclosure by a provider of electronic communications service or remote computing service of the contents of communications or records or other information pertaining to a subscriber to or customer of such service.

14.    I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Subject Account would seriously jeopardize the ongoing investigation, as such a disclosure would give that person and others an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1).

## CONCLUSION

15.    For the reasons outlined herein, I believe probable cause exists for a warrant authorizing the search of the Subject Account described in Attachment A, Part I, and the seizure of records and other information more particularly described in Attachment A, Part II.

16.    This affidavit was reviewed by AUSA Leesa Washington.

7

Respectfully submitted,

*Heather Cox-McClain*

Sr. Special Agent Heather Cox-McClain
Bureau of Alcohol, Tobacco, Firearms and
Explosives

SWORN TO ME VIA TELEPHONE OR
OTHER RELIABLE ELECTRONIC MEANS
AND SIGNED BY ME PURSUANT TO
FED. R. CRIM. P. 4.1 AND 4(d) OR 41(d)(3),
AS APPLICABLE

This __4th__ day of __December__ 2023.

_____
Jacquelyn D. Austin
United States Magistrate Judge

8

## ATTACHMENT A

**I.        The Account(s)**

This warrant authorizes the search of Alarm.com account associated with the following

identifier(s):

>    Account Name:  Da Ron Collins
>
>    Physical Address: 5022 Pratt Drive, Boiling Springs, SC 29316
>
>    Email Address:  queens75ny@yahoo.com

**II.    Records and Other Information to Be Disclosed**

Alarm.com is required to search the account listed in Part I of this Attachment and to

disclose the following records and other information, if available, to the United States for, for the

period beginning May 13, 2023 at 12:01 a.m. (EST) through May 20, 2023 at 11:59 p.m. (EST):

- **Subscriber Information:** Basic subscriber information for the above identified account consisting of account creation date(s), activation information, any and all email addresses, telephone numbers, or other contact information associated with the account(s);

- **Non-content:** Including but not limited to access logs, including deletion logs, showing dates and times the account has been accessed (or attempted to be accessed), metadata of such access or attempt (including IP addresses, device information, device name cookie information, etc.), timestamps and IP address(es) for the account logins/logouts, and any other accounts associated by cookie information stored in connection therewith; and

- **Content:** Any and all content data, including but not limited to video, audio, pictures, and communications (including any service communications with Alarm.com).